IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER ARBUCKLE and BRANDON MAJOR, on Behalf of Themselves and Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. A-14-CV-749 |
| SOFTWARE ADVICE, INC. d/b/a RIVER GUIDE, INC., | § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jennifer Arbuckle ("Arbuckle") and Brandon Major ("Major") (collectively "Plaintiffs"), Plaintiffs in the above styled and numbered cause, and file this, their Original Complaint, complaining of Software Advice, Inc. d/b/a River Guide, Inc. ("Defendant"), and for cause of action would show as follows:

## I.
## INTRODUCTION

1.     This action seeks actual damages, liquidated damages, a declaratory judgment, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest as allowed by law for Defendant's failure to pay Plaintiffs and those similarly situated overtime for hours worked in excess of forty hours a week, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

2.     Plaintiffs demand a jury on all issues triable to a jury.

## II.
## PARTIES

3.      Plaintiff Arbuckle is an individual that lives in Austin, Texas.

4.      Plaintiff Major is an individual that lives in Nolensville, Tennessee.

5.      Plaintiffs' consents to be party plaintiffs in this action are attached as Exhibits A and B to this Complaint.

6.      The Plaintiffs and those similarly situated were engaged in commerce while employed by the Defendant by routinely making interstate phone calls and/or by sending emails interstate.

7.      Defendant Software Advice, Inc. d/b/a River Guide, Inc. is a California for-profit corporation doing business in Texas.  Service of this Summons and Complaint on Defendant Software Advice, Inc. d/b/a River Guide, Inc. may be made by serving its registered agent Don Fornes at 714 Congress Avenue, 2nd Floor, Austin, Texas, 78701.

8.      Defendant Software Advice, Inc. d/b/a River Guide, Inc. has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA at all relevant times to this lawsuit and was obligated to pay its employees in accordance with the FLSA at all relevant times to this lawsuit.

## III.
## JURISDICTION AND VENUE

9.      This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law.

10.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in

this district.

11.     All conditions precedent to filing this lawsuit have been met.

**IV.**
**FACTS**

12.     Plaintiff Arbuckle began working for Defendant in or around July of 2012 in the position of Inside Sales-Software Analyst.  Her employment with Defendant ended in or around October of 2013.

13.     Plaintiff Major began working for Defendant in or around April of 2013 in the position of Inside Sales-Software Analyst.  His employment with Defendant ended in or around April of 2014.

14.     All of the Plaintiffs were non-exempt employees entitled to overtime as required by the FLSA.  All of the Plaintiffs regularly worked in excess of forty hours in a workweek.

15.     Defendant failed to pay Plaintiffs overtime for all hours worked in excess of forty hours per week during their employment.

16.     Defendant knew, or showed reckless disregard for whether, its failure to pay Plaintiffs overtime for all hours worked in excess of 40 hours per week was in violation of the FLSA.

**V.**
**COLLECTIVE ACTION ALLEGATIONS**

17.     Defendant employed individuals in the position of Inside Sales-Software Analyst in addition to the Plaintiffs.

18.     These other employees performed nearly identical job duties to those of the Plaintiffs.

19.     Like Plaintiffs, these similarly situated workers were not paid overtime as required by the FLSA.

20.     Like Plaintiffs, these similarly situated workers are entitled to recover unpaid overtime.

21.     The class of similarly situated employees consists of all individuals employed by the Defendant in the position of Inside Sales-Software Analyst for the past three years.

## VI.
## CAUSES OF ACTION

22.     Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

23.     The Defendant's conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, including but not limited to violations of § 207(a)(1).

## VII.
## ATTORNEYS' FEES

24.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25.     Plaintiffs, as well as those individuals similarly situated, are entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 216(b).

## VIII.
## DAMAGES

26.     As a result of Defendant's conduct, Plaintiffs, as well as those similarly situated, seek relief pursuant to 29 U.S.C. § 216(b) which includes, but is not limited to: (1) overtime wages for all hours worked in excess of forty hours per week at the rate of one and one-half times their regular rates; (2) liquidated damages as allowed by law; (3) costs, expert witness fees

and attorneys' fees; (4) pre-judgment and post-judgment interest as allowed by law; (5) a declaration that Defendant's practices have violated the FLSA; and (6) such other relief, legal or equitable, as may be warranted or to which Plaintiffs, as well as those similarly situated, are entitled.

## IX.
## <u>JURY DEMAND</u>

27.     Plaintiffs request a trial by jury on issues triable by a jury in this case.

## X.
## <u>PRAYER</u>

28.     WHEREFORE, Plaintiffs respectfully pray that upon final hearing and trial hereof, this Court grant Plaintiffs and those similarly situated judgment for the following:

a.     Overtime wages for all hours worked in excess of forty hours at the rate of one-and-one-half times their regular rates;

b.     An equal amount to (a) as liquidated damages as allowed under the FLSA;

c.     A declaration that Defendant's practices have violated the FLSA;

d.     Attorneys' fees both for this cause and for any and all appeals as may be necessary;

e.     Pre-judgment and post-judgment interest as allowed by law;

f.     Costs of court and other costs of prosecuting Plaintiffs' claim;

g.     Expert witness fees; and

h.     Such other relief, legal or equitable, as may be warranted or to which Plaintiffs are entitled.

5

Respectfully Submitted,


**The Cook Law Firm**
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172


/s/ Austin Kaplan

By: _____
Russell Scott Cook
State Bar No. 24040724
scook@rcooklaw.com
Melissa Jacobs
State Bar No. 24046144
mjacobs@rcooklaw.com
Austin Kaplan
State Bar No. 24072176
akaplan@rcooklaw.com

ATTORNEYS FOR PLAINTIFFS